IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| DARRYL WILLIAMS, ) | |
| ) | |
| Petitioner, ) | |
| v. ) | Case No. 09 C 3329 |
| ) | |
| UNITED STATES OF AMERICA, ) | Judge Virginia M. Kendall |
| ) | |
| Respondent. ) | |

## MEMORANDUM OPINION AND ORDER

Darryl Williams ("Williams") was convicted of three counts of accepting bribes in violation of 18 U.S.C. § 666(a)(1)(B), and was then sentenced by this Court. Williams now moves, pursuant to 28 U.S.C. § 2255 ("§ 2255"), to vacate, set aside, or correct his sentence. For the following reasons, the Court denies Williams' Motion. William's Motion to Strike the affidavit of Nathan Diamond-Falk and the portions of the Government's Response that rely upon that affidavit is also denied.

## BACKGROUND

As Williams is proceeding *pro se*, the Court construes his filings broadly. *See, e.g., Kafo v. United States*, 467 F.3d 1063, 1066 (7th Cir. 2006). The following factual background, although not presented in Williams' Motion, is drawn from the records of the underlying criminal proceedings.

On May 10, 2007, Williams was indicted by a grand jury sitting in the Northern District of Illinois on three counts of accepting bribes in connection with the business of a state government agency, in violation of 18 U.S.C. § 666(a)(1)(B). *See United States v. Williams*, 07 CR 73, at R. 14. According to the indictment, Williams, an Electrical Inspector for the City of Chicago Department of Construction and Permits ("the Department"), had accepted cash payments totaling $22,500 in

exchange for his unlawful approval of zoning changes for two individual properties, as well as for issuing a building permit for a third property. *See id*. at R. 14.

Nathan Diamond-Falk ("Diamond-Falk") first appeared on Williams' behalf on March 26, 2007 and represented him through his arraignment, trial, and sentencing proceedings. Williams was arraigned on June 14, 2007, and pled not guilty to all counts of the indictment. *Id.* at R. 20. A jury trial then began on January 22, 2008; the jury found Williams guilty on all three counts on January 25, 2008. *Id*. at R. 47; 52.

Following the jury's verdict, the Probation Officer prepared its Presentence Investigation Report ("PSR"). Diamond-Falk then filed a factual objection to the PSR, arguing that the base level assigned under the Federal Sentencing Guidelines should be 11, rather than 14, because the payments that Williams had accepted were not "bribes" under Guideline Section 2C1.1, but rather "gratuities" under Guideline Section 2C1.2(a). *See id.* at R. 58. Additionally, in his pre-sentencing filings and at the sentencing hearing, Diamond-Falk requested a downward departure from the Guidelines calculation pursuant to 18 U.S.C. § 3553(a), presenting as evidence nineteen character letters written on Williams' behalf regarding his good character and positive role in the community. He also pointed to two proffer sessions that Williams had held with the Government regarding his offenses as evidence of his potential for rehabilitation.

The Government argued in response that the evidence at trial had shown that Williams had accepted bribes within the meaning of Section 2C1.1, and not gratuities. *See id.* at R. 59. The Government sought a sentence within a Guidelines range of 33 to 41 months, calculated on the basis of an application of Section 2C1.1, an adjusted offense level of 20 as set forth in the PSR, and a criminal history category of 1. The Government argued that a sentence within the Guidelines range

was merited under the facts and circumstances of the case and would be essential to deter other city officials who would be tempted to accept bribes.

The Court ultimately sentenced Williams to thirty-six months imprisonment, three years of supervised release, and 200 hours of community service. *See id.* at R. 64. Granting Diamond-Falk's request that Williams be allowed 120 days to surrender, the Court ordered that Williams surrender to the Bureau of Prisons on January 5, 2009. *See id.*

On September 2, 2009, Diamond-Falk timely filed a notice of appeal of the sentence imposed by this Court. *Id.* at R. 62. However, the appeal was dismissed on December 17, 2008 by the Seventh Circuit Court of Appeals pursuant to Federal Rule of Appellate Procedure 42(b). *See United States v. Williams*, 08-3377 at R. 8. At the time of dismissal, Diamond-Falk filed a motion signed by Williams that read "I have been informed of my attorney's intention to dismiss my appeal. I concur in my attorney's decision and hereby waive all rights to object or raise any points on appeal." *Id.* at R. 7.

Williams then filed this § 2255 Motion on June 2, 2009. The Government filed its response on August 14, 2009, after the Court granted Diamond-Falk's Motion for a finding that Williams had waived his attorney-client privilege by challenging his attorney's conduct in a § 2255 Motion. Williams filed a slightly late reply on September 1, 2009, and then filed a Motion to strike the Government's response on January 5, 2010.

## STANDARD OF REVIEW

Section 2255 allows a person convicted of a federal crime to move the district court that imposed his sentence to vacate, set aside, or correct the sentence. Such relief is limited and only available in cases where there have been jurisdictional or constitutional errors, or where there has

been a "complete miscarriage of justice." *Harris v. United States*, 366 F. 3d 593, 594 (7th Cir. 2004). If "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief," then no further action is warranted. 28 U.S.C. § 2255(b). However, if the district court determines that the sentence was entered without jurisdiction, or was "not authorized by law or otherwise open to collateral attack," or was imposed in a manner that violated the petitioner's constitutional rights, then the court is directed to "vacate and set the judgment aside [as well as] discharge the prisoner or resentence him or grant a new trial to correct the sentence as may appear appropriate." *Id*.

## ANALYSIS

**I. Williams' Motion to Strike Portions of the Government's Response to His Motion**

Four months after filing his Reply, Williams moved to strike the affidavit of Diamond-Falk filed in connection with the Government's Response to his Motion, and to strike the portions of that Response which rely upon the affidavit. Williams is correct that the Government's affidavit is not part of the "files and records" of his criminal case, and may not serve to "conclusively show that [he] is entitled to no relief." *Machibroda v. United States*, 368 U.S. 487, 494-95 (1962). However, affidavits from defense counsel may be used to assist the district court in assessing the merits of a § 2255 motion. *See, e.g., Bruce v. United States*, 256 F.3d 592, 598-99 (7th Cir. 2001) (acknowledging affidavit filed by defense counsel in § 2255 proceeding alleging ineffective assistance of counsel); *United States v. Hedman*, 655 F.2d 813, 817-18 (7th Cir. 1981) (referring to the contents of affidavits filed by prosecutors regarding defendants' motion for a new trial). Because the Court may therefore refer to the contents of Diamond-Falk's affidavit in analyzing the merits of Williams' § 2255 Motion, Williams' Motion to Strike is denied.

4

## II.  Denial of Evidentiary Hearing

Williams' request for an evidentiary hearing is denied, as a hearing is unnecessary under the circumstances of this proceeding.  Under § 2255,"[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief, the court shall . . . grant a prompt hearing thereon, determine the issues and make findings of fact and conclusions of law with respect thereto." 28 U.S.C. § 2255(b).  However, a hearing may not be granted where the petitioner has not filed "a detailed and specific affidavit" that demonstrates "actual proof of the allegations going beyond mere unsupported assertions." *Barry v. United States*, 528 F.2d 1094, 1101 (7th Cir. 1976). Thus, "[n]o hearing is required in a [§] 2255 proceeding if the motion raises no cognizable claim, if the allegations in the motion are unreasonably vague, conclusory, or incredible, or if the factual matters raised by the motion may be resolved on the record before the district court." *Oliver v. United States*, 961 F.2d 1339, 1343 n.5 (7th Cir. 1992).  The judge who presided over the sentencing challenged in a § 2255 proceeding, as is the case here, is "uniquely suited to determine whether a hearing" is required to determine the merits of the Motion, and the sentencing judge's familiarity with the underlying criminal proceeding may serve as one factor supporting the denial of a hearing. *Aleman v. United States*, 878 F. 2d 1009, 1012 (7th Cir. 1989); *see also Machibroda*, 368 U.S. at 495 (district judge's "personal knowledge or recollection" relevant to whether an evidentiary hearing was required for resolution of a § 2255 motion).

Here, the only evidence submitted by Williams in support of his Motion is a sworn affidavit in which he asserts, among other things, that he "did not want to go to trial . . . but that Defense Counsel insisted on going to trial after learning [Williams] could pay the requested fee" and that counsel "guaranteed a more favorable outcome of the trial" because of his alleged professional

5

relationship with the Court. (R. 4, Williams Aff. ¶¶ 2-3.) (hereinafter "Williams Aff.") The affidavit contains no evidence other than Williams' own statements, and identifies no objective evidence that would corroborate his claims of ineffective assistance or of prejudice to his interests. Thus, the affidavit does not present grounds for an evidentiary hearing. *See, e.g., Aleman*, 878 F.2d at 1012 ("Mere unsupported allegations cannot support a petitioner's request for a hearing."). Although a sworn affidavit may be a necessary predicate for an evidentiary hearing, a self-serving affidavit without more is insufficient to compel a hearing. *See Galbraith v. United States*, 313 F. 3d 1001, 1009 (7th Cir. 2002); *Hanhardt v. United States*, 596 F. Supp. 2d 1173, 1191 (N.D. Ill. 2009); *cf. Lafuente v. United States of America*, __ F.3d ___, 2010 WL 3189367 (7th Cir. Aug. 13, 2010) (hearing warranted where petitioner filed detailed affidavit, sworn motion, and corroborating documents showing that his allegations were "plausible").

Williams' reliance on *Daniels v. United States*, 54 F. 3d 290 (7th Cir. 1995), in arguing that conflicting affidavits require an evidentiary hearing is misplaced (particularly in light of his Motion to Strike Diamond-Falk's affidavit). In *Daniels*, the petitioner, his defense counsel, and the Government had all requested an evidentiary hearing. *See id.* at 293. Here, Williams is the only party requesting a hearing. Daniels made detailed and specific allegations; here, Williams' allegations are presented in conclusory fashion, without a chronology or any corroboration. *Compare id.* at 293 *with* Williams Aff. at ¶ 2.

Because Williams has presented no evidence in support of his claims other than a conclusory and self-serving affidavit, and "there is no reason to hold a hearing" where the Court's review of the record and its independent recollection of the criminal proceedings reflects that "there is no reason to suppose that a hearing would produce evidence justifying" relief under § 2255, Williams' request

6

for an evidentiary hearing is denied. *United States v. Taglia*, 922 F.2d 413, 419 (7th Cir. 1991); *cf. Lafuente*, 2010 WL 3189367 at *3 (hearing required where facts alleged "warrant[ed] further inquiry by the district court).

### III. Williams' Ineffective Assistance of Counsel Claim

Williams argues his constitutional right to effective assistance of counsel was violated throughout the course of his criminal proceedings, resulting in a greater sentence than he otherwise would have received.[1] Specifically, he argues that he proceeded to trial on the basis of Diamond-Falk's guarantee that the trial outcome would be favorable—a representation motivated by Diamond-Falk's financial interests; that he was prejudiced during sentencing by Diamond-Falk's argument that Williams accepted gratuities and not bribes; and that his appellate rights were hampered by Diamond-Falk's erroneous post-sentencing advice.

In order to prove that he was denied his constitutional right to effective assistance of counsel, Williams must show that: (1) his attorney's performance fell below an objective standard of reasonableness; and (2) the attorney's deficiencies resulted in prejudice to him. *See Strickland v. Washington*, 466 U.S. 668, 687-88, 694 (1984). In reviewing a claim of ineffective assistance of counsel, the Court's analysis is "highly deferential" to the attorney, and assumes that the conduct at issue "falls within the wide range of reasonable professional assistance." *Id.* at 689; *see United States v. Holman*, 314 F.3d 837, 840 (7th Cir. 2002). The Court must make "every effort" to "eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time." *Strickland*,

---

[1] Although the grounds for a § 2255 motion must ordinarily be first advanced on direct appeal from the sentence challenged in the Motion, "failure to raise an ineffective-assistance-of-counsel claim on direct appeal does not bar the claim from being brought in a later" § 2255 proceeding. *Massaro v. United States*, 538 U.S. 500, 509 (2003).

7

466 U.S. at 688-89. The Court must presume that "counsel made reasonable strategic choices unless the defendant presents evidence rebutting that presumption." *United States v. Traegar*, 289 F.3d 461, 472 (7th Cir. 2002). To meet the prejudice component of the *Strickland* test, Williams must demonstrate "a reasonable probability that, but for counsel's errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S. at 694.

Williams argues that Diamond-Falk failed to provide him with effective assistance of counsel at three critical stages of his criminal case: the allegedly financially-motivated decision to proceed to trial on the indictment, rather than to negotiate a guilty plea; the sentencing proceedings during which Diamond-Falk's alleged errors are supposed to have resulted in a greater sentence than the Court otherwise would have imposed; and the failure to adequately and appropriately prosecute a direct appeal from the sentence.

**A. The Decision to Proceed to Trial**

Williams first argues that he did not want to proceed to trial on the indictment, but did so only on the basis of flawed and self-interested advice from Diamond-Falk who sought to try the case in order to obtain a retainer from Williams. Williams alleges that Diamond-Falk told Williams that he could guarantee a favorable trial outcome because of his longtime friendship with the Court, including his relationship with the Court as a co-professor at John Marshall Law School.[2] In contrast, Diamond-Falk's affidavit indicates that he informed Williams that the Court "was particularly knowledgeable in all aspects of Trial Advocacy and the Federal Rules of Evidence" due to the Court's position as an adjunct professor of trial advocacy at Northwestern University School

---
[2] The Court does not teach at John Marshall Law School.

8

of Law,[3] and that the conversation took place in the context of Diamond-Falk's explanation of Williams' trial rights. (R. 10 Ex. C, Affidavit of Nathan Diamond-Falk, ¶ 4.) (hereinafter "Diamond-Falk Aff.").

To the extent that this allegation may be interpreted as asserting that the Court had a conflict of interest arising from its professional relationship with Diamond-Falk, bias on the part of a presiding judge may be established only by facts that are "sufficiently definite and particular to convince a reasonable person that bias exists; simple conclusions, opinions, or rumors are insufficient." *United States v. Boyd*, 208 F.3d 638, 647 (7th Cir. 2000). A self-serving affidavit that implies, without factual specificity or corroboration, improper favoritism on the Court's part will not suffice to support a claim of bias. *See Tezak v. United States*, 256 F.3d 702, 717 (7th Cir. 2001). The Court will therefore not credit Williams' self-serving statement about this alleged representation on Diamond-Falk's part.

Moreover, Williams has provided no corroboration of his allegation that Diamond-Falk induced him to go to trial in order to secure a larger fee. Although "[a] criminal defendant has a right to effective assistance of counsel in deciding whether to accept or reject a proposed plea agreement," *Toro v. Fairman*, 940 F.2d 1065, 1067 (7th Cir. 1991), Williams does not assert that Diamond-Falk counseled him to reject a plea agreement—rather, he merely supposes that one would have been available to him had Diamond-Falk not advised him to proceed to trial. The Court's review of the criminal proceedings and its independent recollection shows no indication that any plea negotiations ever took place. Indeed, Diamond-Falk's affidavit indicates that Williams' pre-trial

---

[3] In fact, Diamond-Falk and the Court are both members of the Trial Advocacy faculty at Northwestern University School of Law.

9

refusal to cooperate and assist the government may have been the driving force behind the lack of a plea agreement, rather than any advice offered by Diamond-Falk to Williams regarding the rejection of an offered plea agreement. (*See* Diamond-Falk Aff. ¶ 3.)

Because Williams has not adequately alleged that he had any option but to go to trial; he has not shown that Diamond-Falk's counsel to him prior to trial was ineffective. Moreover, Williams has not demonstrated that he suffered any prejudice from Diamond-Falk's pre-trial advice, because he has not shown "a reasonable probability" that he would have pled guilty but for Diamond-Falk's urging him to go to trial. *Strickland*, 466 U.S. at 694. Williams' affidavit states only that he was reluctant to proceed to trial, a self-serving statement that does not suffice to demonstrate prejudice. *See United States v. Feyrer*, 333 F.3d 110, 120 (2nd Cir. 2003) (no prejudice where defendant did not "indicate any unequivocal willingness to plead guilty"); *Diaz v. United States*, 930 F.2d 832, 835 (11th Cir. 1991) (no prejudice where § 2255 petitioner failed to "allege that but for his attorney's errors, he would have accepted the plea offer" and did not present any "evidence to indicate that prior to his conviction he expressed any desire to plead guilty").

Therefore, Williams cannot sustain his claim of ineffective assistance of counsel on the grounds that Diamond-Falk inadequately advised him about the decision to proceed to trial, and his § 2255 Motion is denied in this regard.

**B. Sentencing**

Williams states that his attorney's objection to the PSR prepared by the Probation Office, in which Diamond-Falk continued to present the position that Williams had accepted gratuities rather than bribes, "frustrated" the Court and resulted in the imposition of a 36 month sentence instead of a 33 month sentence. However, "[a]n assessment of the likelihood of a result more favorable to the

defendant must exclude the possibility of arbitrariness, whimsy, caprice, 'nullification,' and the like." *Strickland*, 466 U.S. at 695. Rather, the key question in a sentencing challenge "is whether there is a reasonable probability that, absent the errors, the sentencer . . . would have concluded that the balance of aggravating and mitigating circumstances did not warrant" the sentence assigned. *Id*. The record here shows that Diamond-Falk ably assisted Williams during his sentencing, and there is no evidence that Diamond-Falk's sentencing positions negatively affected the outcome of the sentencing process.

Contrary to Williams' allegations that Diamond-Falk failed to provide effective assistance of counsel at the sentencing phase, Diamond-Falk actively advocated for his client by filing factual objections to the PSR, by collecting nineteen character letters written by members of the community on Williams' behalf, and by bringing to the Court's attention the nature and extent of Williams' post-conviction rehabilitative effort to cooperate with the Government. Additionally, Diamond-Falk ably presented an argument at sentencing that highlighted Williams' lack of appreciable criminal record, his work history, and his non-recidivist character. These efforts to mitigate Williams' sentence all reflect that Diamond-Falk acted well within the wide range of reasonable professional assistance. *Cf. Patrasso v. Nelson*, 121 F.3d 297, 303-04 (7th Cir. 1997) (complete failure to represent client's interests at sentencing or to seek out potential mitigating evidence constituted ineffective assistance of counsel). Moreover, the Court will not second-guess Diamond-Falk's decision to present the gratuities argument at sentencing, as that had been his client's position throughout the proceedings. Williams has therefore not shown that the assistance he received from Diamond-Falk during the course of the sentencing proceedings was constitutionally defective.

Because Williams' only argument that Diamond-Falk provided ineffective assistance at sentencing is based in his supposition that the Court's so-called "frustration" with Diamond-Falk affected his sentence, an argument that has no merit, Williams has also not shown that but for his attorney's conduct, he would have received a lower sentence. The Court imposed a sentence well within the Guidelines range—based upon a finding that Williams had accepted bribes and not gratuities—of 33 to 41 months.[4] To say that the only reason why Williams was not given a lower sentence was because of Diamond-Falk's alleged errors is to ignore the mountain of evidence against Williams and the strong public policy reasons in support of a significant sentence that were articulated by the Court on the record at sentencing. *See Strickland*, 466 U.S. at 695 ("[A] verdict or conclusion only weakly supported by the record is more likely to have been affected by errors than one with overwhelming record support."). Rather, the records of the criminal proceeding conclusively show that Diamond-Falk provided ample and able assistance at sentencing, and Williams' § 2255 Motion is therefore denied as to the claim of ineffective assistance of counsel during the sentencing proceeding.

**C. Appellate Proceedings**

Finally, Williams argues that Diamond-Falk erred in advising him that his sentence could only be corrected on direct appeal, and provided ineffective assistance in advising him to withdraw his direct appeal when Williams wished to appeal on the grounds of ineffective assistance of counsel.

---

[4] Had the Court accepted the gratuities argument, the Guidelines sentencing range would have been 24 to 30 months. Williams implicitly accepts that the higher range was correct, however, in arguing that Diamond-Falk should not have made the gratuities argument at sentencing and that his allocution reflected his acceptance of the Government's position that he had accepted bribes and not gratuities.

Williams' argument that Diamond-Falk gave him incorrect advice when Diamond-Falk advised him that the sentence was final and could only be corrected on direct appeal is erroneous, as Williams' own Motion demonstrates. Williams relies upon Federal Rule of Criminal Procedure 35(a) in support of the argument that Diamond-Falk should have sought in this Court to correct a "technical" error in his sentence within seven days following the sentencing.[5] The error to which Williams points, however, is not the "arithmetical, technical, or other clear error" envisioned by the Rule, but rather his substantive disagreement with the position that his counsel took at sentencing. Rule 35(a), in conjunction with the jurisdictional provisions of 18 U.S.C. § 3582(c), prevents the Court from revisiting the substantive basis for, or content of, a sentence once it has been imposed. *See United States v. Smith*, 438 F.3d 796, 799 (7th Cir. 2006). Because Williams sought not to correct a clerical error, but rather to alter the sentence itself, Rule 35(a) did not apply and Diamond-Falk's advice that only a direct appeal would do was correct.

Williams also argues that he received ineffective assistance in bringing his direct appeal, because Diamond-Falk advised him to withdraw the appeal after learning that Williams wished to appeal on the basis of ineffective assistance of counsel. Williams' signed consent stating that he concurred in the decision to dismiss the appeal waived "all rights to object" to that decision. Even had Williams not waived his appellate rights, "in most cases a motion brought under § 2255 is preferable to direct appeal for deciding claims of ineffective assistance" in order to permit more complete development of an appropriate factual record. *Massaro v. United States*, 538 U.S. 500, 504 (2003). Indeed, "only the rarest and most patently egregious of ineffective assistance claims are

---

[5] The Rule was amended effective December 1, 2009, subsequent to the filing of Williams' Motion, to allow for correction of a sentence within 14 days after sentencing.

appropriately brought on direct appeal" and Diamond-Falk therefore acted in accordance with governing law by moving to dismiss the appeal that Williams sought to bring on those grounds. *United States v. Harris*, 394 F.3d 543, 558 (7th Cir. 2005).

With respect to the prejudice prong of the *Strickland* test, because "the lawyer whose assistance is in question was [Williams'] lawyer on direct appeal as well," the dismissal of the appeal did not forfeit his ineffective assistance claim. *United States v. Rezin*, 322 F.3d 443, 445 (7th Cir. 2003). Thus, the dismissal was both appropriate—and did not result from bad advice or ineffective assistance of counsel—and did not prejudice Williams' substantive rights, as he was able to properly bring this ineffective assistance claim in the Court that sentenced him. Williams' § 2255 Motion is therefore denied as to his post-sentencing claims of ineffective assistance of counsel.

## IV. Certificate of Appealability

Finally, "the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11(a) of the Rules Governing Section 2255 Proceedings. However, such a certificate may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This standard is met when "reasonable jurists could debate whether . . . the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473 (2000) (internal quotation omitted); *Barefoot v. Estelle*, 463 U.S. 880, 893 & n.4 (1983). Where, as here, the district court rejects a constitutional claim on the merits, "the showing required to satisfy § 2253(c) is straightforward: The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack*, 529 U.S. at 484. The defendant is not required to show that he will ultimately

succeed on appeal. *Miller-El v. Cockrell*, 537 U.S. 322, 337, 342 (2003) (relevant question is the "debatability of the underlying constitutional claim, not the resolution of that debate").

Rule 11(a) permits a district court to direct the parties to submit arguments on whether a certificate of appealability should issue, but such argument is not necessary here. The constitutional issue presented by Williams' Motion is whether his counsel rendered ineffective assistance either before his trial, during his sentencing, or during the appellate process. As Williams' arguments are unsupported by any evidence and, in several instances, contrary to governing law, no reasonable jurist could find that he has presented cognizable claims of ineffective assistance of counsel. Therefore, the Court denies a certificate of appealability as to Williams' § 2255 Motion.

## CONCLUSION

For the reasons stated, Williams' Motion to Strike portions of the Government's Response to his Motion is denied. An evidentiary hearing is not required in this proceeding, because "the motion and the files and the records of the case conclusively show that the prisoner is entitled to no relief." Williams' Motion to Vacate, Set Aside, or Correct Sentence filed pursuant to 28 U.S.C. § 2255 is denied in its entirety. The Court denies a Certificate of Appealability.

_____
Virginia M. Kendall
United States District Court Judge
Northern District of Illinois

Date: August 19, 2010