# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Virginia M. Kendall | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 9 C 3329 | **DATE** | 2/23/2011 |
| **CASE TITLE** | United States of America vs. Darryl Williams | | |

**DOCKET ENTRY TEXT**

Darryl Williams ("Williams") moves, pursuant to Federal Rule of Civil Procedure 59(e), to alter or amend the Court's denial of his § 2255 Motion to Vacate, Set Aside, or Correct his sentence. For the following reasons, the Court denies Williams' motion.

■[ For further details see text below.]   Docketing to mail notices.

## STATEMENT

Darryl Williams ("Williams") moves, pursuant to Federal Rule of Civil Procedure 59(e), to alter or amend the Court's denial of his § 2255 Motion to Vacate, Set Aside, or Correct his sentence. For the following reasons, the Court denies Williams' motion.

Williams' attorney, Nathan Diamond-Falk ("Diamond-Falk") represented Williams through his arraignment, trial, and sentencing proceedings. A jury found Williams guilty on January 25, 2008 and he was sentenced to thirty-six months imprisonment, three years of supervised release, and 200 hours of community service. Diamond-Falk's timely appeal was dismissed by the Seventh Circuit Court of Appeals on December 17, 2008 pursuant to Federal Rule of Appellate Procedure 42(b). Williams then filed a § 2255 Motion on June 2, 2009 and a Motion to Strike the Government's response on January 5, 2010. On August 19, 2010 the Court denied both motions and denied Williams' request to hold an evidentiary hearing. Williams timely filed this Motion to Alter or Amend Judgment on September 16, 2010 pursuant to Rule 59(e).

Rule 59(e) allows the movant to bring to the Court's attention manifest errors of law or fact or newly discovered evidence. *See United States v. Resnick*, 594 F.3d 562, 568 (7th Cir. 2010). Manifest error is the "wholesale disregard, misapplication, or failure to recognize controlling precedent." *Oto v. Metro. Life Ins. Co.*, 224 F.3d 601, 606 (7th Cir. 2000). A Rule 59(e) motion is not a "vehicle for a party to undo its own procedural failures, and it certainly does not allow a party introduce new evidence or advance arguments that could have and should have been presented to the district court prior to the judgment." *Resnick*, 594 F.3d at 568. Whether to grant a Rule 59(e) motion "is entrusted to the sound judgment of the district court." *Matter of Prince*, 85 F.3d 314, 324 (7th Cir. 1996).

Williams argues that the Court committed manifest errors of law and fact in rendering its judgment.

| STATEMENT |
|---|

Specifically, Williams claims: (1) that the Court erred in concluding the allegations he set forth in his § 2255 motion did not establish a prima facie showing of ineffective assistance of counsel; (2) that the Court erred in concluding that Williams' declarations were too vague and conclusory to merit an evidentiary hearing; and (3) that the Court erred in crediting the declarations of Diamond-Falk. While conceding that he has no newly discovered evidence that was previously unavailable, Williams nonetheless attempts to supplement his claims with two affidavits—one from his mother and one from his brother—regarding statements Williams made to them "[d]uring the period after his arrest and through his trial." These affidavits are inadmissible under Rule 59(e) because statements Williams made before and during trial could have been presented to the Court prior to its judgment or in his § 2255 Motion. *See Resnick*, 594 F.3d at 568.

Williams' first claim, that he established a prima facie showing of ineffective assistance of counsel, is based on Diamond-Falk's alleged statements that Diamond-Falk could secure special favor with the Court and that even if Williams was found guilty at trial, he would face a maximum of fifteen months in prison. These issues were analyzed at length in the Court's § 2255 judgment which held conclusively that Williams did not make a prima facie showing. As discussed above, Williams' affidavits are inadmissible and thus he fails to present any new newly discovered evidence of an "unequivocal willingness" to plead guilty but for Diamond-Falk's alleged misrepresentations. *See United States v. Feyrer*, 333 F.3d 110, 120 (2d. Cir. 2003) (no prejudice where defendant did not "indicate any unequivocal willingness to plead guilty"). Moreover, "[a]n attorney's inaccurate prediction of his client's sentence does not constitute ineffective assistance of counsel." *United States v. Fuller*, 312 F.3d 287, 293 (7th Cir. 2002).

Williams also claims that his § 2255 allegations were sufficient to justify an evidentiary hearing. The Court denied this claim in its judgment because it found Williams' affidavit to be vague and conclusory. In order for an evidentiary hearing to be granted, the petitioner must provide "a detailed and specific affidavit" which shows that he has "actual proof of the allegations." *Galbraith v. United States*, 313 F.3d 1001, 1009 (7th Cir. 2002) (internal citations omitted). Williams supplemented his § 2255 motion with his own affidavit stating that Diamond-Falk "insisted on going to trial after learning [Williams] could pay the requested fee for the proceeding." Williams did not provide any other "specific facts" in his affidavit supporting his assertion that Diamond-Falk was motivated in his representation by the desire to obtain a larger fee. *See Id.* (noting a sufficient affidavit may contain facts of the dispute and the surrounding events). As the affidavits from Williams' mother and brother are inadmissible, Williams does not present any newly discovered evidence, nor does he demonstrate the Court committed a manifest error of law or fact in finding his allegations overly vague and conclusory. Moreover, where, as here, the judge presided over the sentencing challenged in a § 2255 proceeding, that judge is "uniquely suited to determine whether a hearing" is required to determine the merits of a § 2255 motion. *Aleman v. United States*, 878 F.2d 1009, 1012 (7th Cir. 1989).

Williams' third claim, that the Court should not have credited the statements of Diamond-Falk, does not demonstrate that the Court committed a manifest error of law. While Diamond-Falk and Williams each presented conflicting affidavits, the Court considered but did not rely exclusively on Diamond-Falk's affidavit to reach its conclusions. *See Underwood v. Clark*, 939 F.2d 473, 476 (7th Cir. 1991) (noting that courts can look to the lawyer's affidavit for "substantiation" where his client alleges that the lawyer told him not to testify at trial). Moreover, as noted above, the Court presided over Williams' jury trial and sentence, and considered these prior proceedings in denying Williams' request for an evidentiary hearing. *See Aleman*, 878 F.2d at 1012 (noting that courts should consider "prior proceedings in the case" when determining whether a hearing is necessary). As such, the Court's determination of credibility was not "manifest error." *See Oto*, 224 F.3d at 606.

| STATEMENT |
|---|
| Without any new evidence or caselaw, which Williams concedes he does not have, his Motion to Alter or Amend Judgment pursuant to Rule 59(e) only advances arguments that the Court already analyzed and rejected. As such, Williams' motion is denied. |